**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ODELL S. WILLIAMS            :
                             :
            Plaintiff,       :     Civil No. 05-2985 (KSH)
                             :
       v.                    :
                             :     OPINION
OSCAR AVILES, et al.         :
                             :
            Defendants.      :
---

**APPEARANCES:**

    ODELL S. WILIAMS #08450-112, Plaintiff <u>Pro</u> <u>Se</u>
    Hudson County Jail D-500 West
    35 Hackensack Avenue
    Kearny, New Jersey 07032-4635

1.

**HAYDEN, DISTRICT JUDGE**

    Plaintiff Odell S. Williams, a prisoner confined at the Hudson County Jail in Kearny, New Jersey ("HCJ"), seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915 (1998). Based upon Plaintiff's affidavit of indigence, this Court will (1) grant Plaintiffs' application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>; (2) direct the Clerk of the Court to file the Complaint

without pre-payment of the filing fee; (3) assess the $250.00 filing fee against Plaintiff; and (4) direct the agency having custody of the Plaintiff to forward payments from Plaintiff's prison account to the Clerk of the Court each month the amount in the account exceeds $10.00, until the $250.00 filing fee is paid in full, regardless of the outcome of the litigation. See 28 U.S.C. § 1915(a), (b)(1), (b)(2), (b)(4).

Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A the Court has reviewed the Complaint to identify cognizable claims. The Court will dismiss the Complaint as against the Hudson County Jail and permit the Complaint to proceed as against the remaining Defendants.

## I. BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] seeking damages for alleged violations of his rights secured by the constitution of the United States. Defendants are the Hudson

---

[1]   42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2

County Jail ("the Jail"); Oscar Aviles, Director of the Jail; Allen Applebaum, a religious representative at the Jail; Baruch Lepkiver, a rabbi assigned to the Jail; and Mrs. Salley, a social worker. (Compl., Caption and ¶ 4.)

Plaintiff asserts the following facts: He claims that he was denied his right to celebrate the Passover Holiday starting April 24, 2005, in violation of his First and Fourteenth Amendment rights. (Compl., ¶ 6.) Specifically, Plaintiff states that he requested a special kosher Passover meal with unleavened bread during the eight day Passover period. (Id.) Plaintiff asserts that he was then asked if he was Jewish; he replied that he followed Mosaic law in keeping the Passover. (Id.) Plaintiff was questioned by Defendants Salley and Lepkiver and asked to produce documentation that he belonged to a congregation which kept the Passover. (Id.) Plaintiff continues that he showed Defendants evidence of his participation in the House of Yahweh congregation in Abilene, Texas. (Id.) Plaintiff states that he was not approved for participation in the Passover meal. (Id.) Plaintiff adds that Defendant Lepkiver concluded that he failed to demonstrate knowledge of the most basic Jewish concepts. (Id.) Moreover, Defendant Appelbaum allegedly told him that he did not look Jewish. (Id.) Plaintiff appears to add that he is a Christian who keeps the Passover. (Id.) He seeks damages for

3

his exclusion from participating in the Passover meal. (Id., ¶¶ 6-7.)

## II. DISCUSSION

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66, 1321-77 (1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a prisoner seeks redress against a governmental entity or employee. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The Act requires the Court to identify cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief. Id.

A. Standard for Dismissal

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); accord Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). The Court "must determine whether, under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief, and . . . must accept as true the factual allegations in the complaint and all reasonable inferences that

4

can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citing Holder v. Allentown, 987 F.2d 188, 194 (3d Cir. 1993)).

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). "Under our liberal pleading rules, during the initial stage of litigation, a district court should construe all allegations in a complaint in favor of the complainant" and give "credit to the allegations of the complaint as they appear[] in the complaint." Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997); see also Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992). "When it appears beyond doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations of the complaint, a dismissal pursuant to Rule 12(b)(6) is proper." Robinson v. Fauver, 932 F. Supp. 639, 642 (D.N.J. 1996) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The Court will construe Plaintiff's Complaint as raising the claim of violation of his First Amendment right to the free exercise of religion.

To establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and that the conduct deprived him of rights, privileges, or immunities secured by the

5

Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Shaw v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). Section 1983 does not confer substantive rights, but provides a remedy for the deprivation of rights protected by federal law. Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985); see also Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998).

Plaintiffs also must assert and prove some causal connection between a Defendant and the alleged wrongdoing in order to recover against that Defendant. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Lee-Patterson v. New Jersey Transit Bus Operations, Inc., 957 F. Supp. 1391, 1401-02 (D.N.J. 1997). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt, 451 U.S. at 537 n.3). Causal connection is shown where a Defendant (1) participated in violating Plaintiff's rights; (2) directed others to violate them; (3) as the person in charge, had knowledge of and acquiesced in his subordinates' violations; or

6

(4) tolerated past or ongoing misbehavior. <u>Friedland v. Fauver</u>, 6 F. Supp.2d. 292, 302-03 (D.N.J. 1998) (citing <u>Baker v. Monroe Tp.</u>, 50 F.3d 1186, 1190-91 & n.3 (3d Cir. 1995)). The Court will now analyze Plaintiff's claims to determine whether dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A is warranted.

<u>B.  First Amendment</u>

Plaintiff asserts a claim of violation of his First Amendment right to the free exercise of religion because of the refusal to accommodate his desire to observe Passover. However "the mere assertion of a religious belief does not automatically trigger First Amendment protections..." <u>DeHart v. Horn</u>, 227 F.3d 47, 51 (3d Cir. 2000). "To the contrary, only those beliefs which are both sincerely held and religious in nature are entitled to constitutional protection." <u>Id</u>. <u>See also</u> <u>Africa v. Pennsylvania</u>, 662 F.2d 1025, 1029-30 (3d Cir. 1981), <u>cert. den.</u>, 456 U.S. 908 (1982)  After this initial determination, a court goes on to consider whether "a legitimate and reasonably exercised state interest outweighs the proffered First Amendment claim". <u>DeHart</u>, 227 F.3d at 51-52 (quoting <u>Africa</u>, <u>supra</u>). In <u>Turner v. Safely</u>, 482 U.S. 78 (1987), the United States Supreme Court articulated a four prong test to determine the constitutional validity of prison regulations: (1) whether a valid, rational connection existed between the challenged

7

regulation and the asserted governmental interest; (2) the existence of alternate means of exercising the right if the regulation is upheld; (3) whether accommodation of the asserted right will have an undue impact on other prisoners, guards, and prison resources; and (4) whether an alternate to the challenged regulation exists, which fully accommodates the prisoner's right at de minimis cost to valid penological interests. Turner, 482 U.S. at 89-90.

Plaintiff has set forth facts sufficient to support a First Amendment claim of violation of his right to the free exercise of religion against all Defendants except the Hudson County Jail.[2] As further factual development is necessary for ultimate application of the foregoing principles in the case at bar, the Complaint will be permitted to proceed at this time as to all Defendants but the Jail.

---

[2] The Hudson County Jail is not amenable to suit under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Marsden v. Federal BOP, 856 F.Supp. 832, 836 (S.D.N.Y. 1994) (county jail not an entity amenable to suit under § 1983); Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D. Ill. 1993); McCoy v. Chesapeake Correctional Center, 788 F.Supp. 890, 893-894 (E.D.Va. 1992); Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989). The Complaint will be dismissed as against the Jail.

### III. CONCLUSION

Based on the foregoing, the Court will (1) grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915; (2) dismiss the Complaint as against the Hudson County Jail pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted; and (3) permit the Complaint to proceed against the remaining Defendants.

An appropriate Order accompanies this Opinion.

*[signature]*
KATHARINE S. HAYDEN
UNITED STATES DISTRICT JUDGE

DATED July 7, 2005